IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE OF MONTANA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WAYNE GILLINGHAM,<br><br>Defendant. | Cause No. CV 22-125-M-DLC<br><br><br>ORDER |

On July 15, 2022, "Defendant" Gillingham submitted a "motion to vacate, set aside, or correct the sentence." *See* Mot. (Doc. 1). The title invokes 28 U.S.C. § 2255. A motion under § 2255 is available to federal prisoners challenging federal criminal judgments. *See* 28 U.S.C. § 2255(a).

Gillingham has not paid the filing fee or moved to proceed in forma pauperis. There is no need to delay resolution on that basis.

Gilllingham is a prisoner of the State of Montana. He alleges he is unlawfully in custody pursuant to nonexistent judgment. *See* Mot. at 1. As he knows, two judgments underlying his custody do, in fact, exist. *See* Order Exs. (Docs. 5-1, 5-2), *Gillingham v. Montana*, No. CV 20-74-M-DLC (D. Mont. June 3, 2020); *see also* Order (Doc. 4), *Gillingham v. Salmonsen*, No. CV 21-39-M-DLC

1

(D. Mont. Apr. 5, 2021); Order (Doc. 17), *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. Mar. 19, 2013); *see also Gillingham v. Montana*, No. CV 20-31-M-DLC (D. Mont. Mar. 13, 2020); *Gillingham v. Montana*, No. CV 19-182-M-DLC-KLD (D. Mont. Nov. 13, 2019); *Gillingham v. Guyer*, No. CV 19-04-M-DLC-JCL (D. Mont. Jan. 3, 2019); *Gillingham v. Kirkegard*, No. CV 14-212-M-DLC-JCL (D. Mont. Aug. 22, 2014); *Gillingham v. Kirkegard*, No. CV 13-77-M-DWM (D. Mont. Apr. 18, 2013); *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. Sept. 21, 2012); *Gillingham v. District Court Judge Harkin*, No. CV 06-16-DWM-LBE (D. Mont. Feb. 15, 2006).

Because Gillingham is a state prisoner in custody pursuant to the judgment of a court of the State of Montana, he must proceed under 28 U.S.C. § 2254. For reasons the Court has already explained more than once, *see, e.g.*, Order (Doc. 5) at 1–4, *Gillingham*, No. CV 20-74-M-DLC (D. Mont. June 3, 2020), it lacks jurisdiction to hear claims that were or could have been brought in the petition under 28 U.S.C. § 2254 that Gillingham filed in 2006 or 2012.

This result is not debatable. *See* 28 U.S.C. § 2253(c)(1), (2).

Accordingly, IT IS ORDERED:

1. Gillingham's motion, recharacterized as a petition for writ of habeas corpus under 28 U.S.C. § 2254, is DISMISSED for lack of jurisdiction.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Gillingham files a notice of appeal.

DATED this 15th day of July, 2022.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court